UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IMAGE COMICS, INC., and RICK REMENDER,<br><br>                    Plaintiffs,<br><br>   v.<br><br>MARK-ROBERT BLUEMEL,<br><br>                    Defendant. | CASE NO. 2:25-cv-01399-TL<br><br>ORDER ON MOTION FOR JURISDICTIONAL DISCOVERY |

This matter is before the Court on Plaintiffs' Motion for Jurisdictional Discovery. Dkt. No. 20. Having considered the motion, Defendant's opposition (Dt. No. 23), Plaintiffs' reply (Dkt. No. 26), and the relevant record, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion.

I.    BACKGROUND

On July 24, 2025, Plaintiffs filed suit against Defendant, seeking (1) a declaratory judgment regarding the use of Defendant's trademark, registered in 2008, for the mark THE GROMMETS; and (2) the cancellation of that trademark. Dkt. No. 1 (Complaint) at 1, 8. In 2007

1  and 2014, Defendant, an attorney and author, published two "middle-grade novel[s]" with a
2  focus on three young surfers and skateboarders, dubbed "Grommets" by older surfers. *Id.* ¶¶ 19,
3  21. Since 2024, Plaintiff Image Comics, Inc., a "comic book and graphic novel publisher" (*id.*
4  ¶ 9), and Plaintiff Rick Remender, a writer of comics (*id.* ¶ 12), have published a comic-book
5  and graphic-novel series called *Grommets*. *Id.* ¶ 14. Plaintiffs' *Grommets* series "focuses on two
6  outcast best friends who find a home in skateboard culture and punk rock." *Id.* ¶ 15. The series
7  title springs from skater slang, where a "grommet" is a term for a young, up-and-coming skater
8  or surfer. *Id.* ¶ 16. Plaintiff Image Comics has published seven issues of *Grommets*, with an
9  eighth planned for release in July 2025. *Id.* ¶ 17.

10      On September 12, 2025, Defendant filed a Motion to Dismiss on the basis that this Court
11  lacks personal jurisdiction over him. Dkt. No. 12. Three days later, on September 15, 2025,
12  Plaintiffs filed an amended complaint. Dkt. No. 13. Plaintiffs' amended complaint did not revise
13  any allegations related to the jurisdiction of the Court over Defendant. *See* Dkt. No. 26 at 1 n.1;
14  *compare* Dkt. No. 1 ¶ 4, *with* Dkt. No. 13 ¶ 5.

15      On October 3, 2025, Plaintiffs responded to Defendant's motion to dismiss. Dkt. No. 21.
16  In their response, Plaintiffs requested the Court deny Defendant's motion or, in the alternative,
17  grant Plaintiffs' Motion for Jurisdictional Discovery (Dkt. No. 20), which they filed the same
18  day. Dkt. No. 21 at 15. Plaintiffs' Motion for Jurisdictional Discovery requests that the Court
19  order Defendant to produce documents related to three specific categories: (1) the sale of
20  Defendant's physical books from his Amazon.com listings and all other websites or brick-and-
21  mortar locations; (2) the Kindle downloads of the books available from Defendant's

1    Amazon.com listings; and (3) Defendant's publishing agreement with Amazon.com. *See* Dkt.
2    No. 20 at 1.[1]

3                               II.     LEGAL STANDARD

4           Jurisdictional discovery "may be appropriately granted where pertinent facts bearing on
5    the question of jurisdiction are controverted or where a more satisfactory showing of the facts is
6    necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (*quoting Data Disc, Inc.
7    v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir.1977)). "Refusal to grant
8    jurisdictional discovery is appropriate when 'it is clear that further discovery would not
9    demonstrate facts sufficient to constitute a basis for jurisdiction[.]'" *Constr. Loan Servs. LLC v.
10   VBC Tracy LLC*, No. C25-5347, 2025 WL 1756782, at *4 (W.D. Wash. June 25, 2025)
11   (alteration in original) (quoting *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir.
12   2003)).

13                              III.    DISCUSSION

14          As is clear from Defendant's motion to dismiss and Plaintiffs' response, the question of
15   this Court's personal jurisdiction over Defendant is hotly contested. But in order to adjudicate
16   Defendant's motion to dismiss, the Court will need to analyze whether it has specific personal
17   jurisdiction over Defendant. This inquiry involves a three-part test: (1) whether the non-resident
18   defendant purposefully directed their activities or consummated some transaction with the forum
19   or resident;[2] (2) whether the claim arises out of or relates to the defendant's forum-related
20   activities; and (3) whether the exercise of jurisdiction comports with fair play and substantial

---

[1] On January 13, 2026, Defendant submitted a Request for Judicial Notice, a Declaration, and three documents that he asserts the Court should take judicial notice of. Dkt. Nos. 32, 32-1. Defendant only asserts that these submissions are relevant to his motion to dismiss. *See* Dkt. No. 32 at 1. Therefore, the Court does not consider them for purposes of this instant motion for jurisdictional discovery.

[2] Claims involving trademarks sound in tort and are therefore analyzed under a purposeful-direction rather than purposeful-availment test. *See Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090–91 (9th Cir. 2023).

justice—i.e., it must be reasonable. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023).

Defendant asserts that he has no purposeful contacts with Washington, and that Plaintiffs have not made a prima facie showing of personal jurisdiction. *See* Dkt. No. 23 at 1. In their amended complaint, Plaintiffs assert the Court has personal jurisdiction over Defendant because Defendant targets consumers in Washington by selling and distributing his book through web sales on Amazon.com, and because Defendant entered a contract with Amazon that requires consent to Washington as the venue in the event of litigation arising out of any book sales. Dkt. No. 13 ¶ 5; Dkt. No. 20 at 2. Plaintiffs also allege that Defendant has used the Amazon.com store webpage for his books in support of his trademark applications. *See* Dkt. No. 13 ¶¶ 21, 23.

The Ninth Circuit's most recent guidance on personal jurisdiction in the e-commerce world comes from the decision in *Herbal Brands*, where the court held that purposeful direction can be established where a defendant, in its regular course of business, sells a physical product via an interactive website and causes that product to be delivered to a forum state. *See* 72 F.4th at 1094; *see also Breskin v. Shopify, Inc.*, 135 F.4th 739, 755 (9th Cir. 2025) (discussing *Herbal Brands*).[3] The Ninth Circuit has held that the inquiry does not depend on the number of sales made to a customer in a forum, because "[d]rawing a line on the number of sales would require an arbitrary distinction that is not preferred in this area of law." *Herbal Brands*, 72 F.4th at 1095. As further explained, "If one sale were not enough to establish that a defendant expressly aimed its conduct at a forum, we would face the difficult question of how many sales would suffice." *Id.* However, concerns that a product sale may be "an isolated occurrence" should be evaluated under the third prong of the specific jurisdiction inquiry, which looks to reasonableness—i.e.,

---

[3] In his motion to dismiss, Defendant cites *AMA Multimedia, LLC. v. Wanat*, 970 F.3d 1201 (9th Cir. 2020). Dkt. No. 12 at 7. *AMA Multimedia*, however, was overruled by *Breskin*. *See Breskin*, 135 F.4th at 757–58.

ORDER ON MOTION FOR JURISDICTIONAL DISCOVERY – 4

1  fair play and substantial justice. *Id.* (quoting *Plant Food Co-op v. Wolfill Feed & Fertilizer*
2  *Corp.*, 633 F.2d 155, 159 (9th Cir. 1980)).

3        Plaintiffs' request for targeted discovery regarding the sale of Defendant's physical books
4  and Kindle downloads will provide facts that will aid the Court in analyzing both the first and
5  third prongs of the test for personal jurisdiction. However, the Court will limit the discovery to
6  sales to residents of Washington. *See Herbal Brands*, 72 F.4th at 1093 ("[I]f a defendant, in its
7  regular course of business, sells a physical product via an interactive website and causes that
8  product to be delivered to [a] forum [resident], the defendant 'expressly aimed' its conduct at
9  that forum.").

10        As to Plaintiffs' request for a copy of "Defendant's publishing agreement with
11  Amazon.com" in the amended complaint (Dkt. No. 20 at 1), Plaintiffs assert that, "Upon
12  information and belief, Bluemel has entered a contract with an entity headquartered and located
13  in Seattle, Washington to publish and distribute *The Grommets*." Dkt. No. 13 ¶ 5.[4] Although
14  Defendant denies the existence of such an agreement (*see* Dkt. No. 23 at 2), at this procedural
15  posture, Plaintiffs need not clear a high bar to obtain jurisdictional discovery. Defendant asserts
16  that "[j]urisdictional discovery is appropriate only when facts are genuinely controverted or
17  when the plaintiff presents a colorable basis for believing that the defendant's contacts may
18  support jurisdiction." *Id.* at 3. This, however, is not the law in the Ninth Circuit. On a motion for
19  jurisdictional discovery, "a plaintiff seeking jurisdictional discovery need not 'first make a prima
20  facie showing that jurisdiction actually exists.'" *Does v. Trump*, 328 F. Supp. 3d 1185, 1196
21  (W.D. Wash. 2018) (quoting *Hall v. United States*, No. C16-2395, 2017 WL 3252240, at *4
22  (S.D. Cal. July 31, 2017)). "Such a showing *is* necessary to survive a motion to dismiss, and '[i]t

---

[4] Plaintiffs' motion here specifically seeks "Defendant's publishing agreement with Amazon.com." Dkt. No. 20 at 1; Dkt. No. 20-1 (proposed order) at 1.

would . . . be counter intuitive to require a plaintiff, *prior* to conducting discovery, to meet the same burden that would be required in order to defeat a motion to dismiss.'" *NuboNau, Inc. v. NB Labs, Ltd.*, No. C10-2361, 2011 WL 5237566, at *3 (S.D. Cal. Oct. 31, 2011) (alteration and omission in original) (quoting *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 673 (S.D. Cal. 2001)). Therefore, the Court will grant Plaintiffs' request that Defendant produce his "publishing agreement" with Amazon.com, at least to the extent that such a document exists.

## IV.  CONCLUSION

Accordingly, Plaintiffs' Motion for Jurisdictional Discovery (Dkt. No. 20) is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED:

(1) **Within thirty (30) days** of this Order, Defendant SHALL produce documents reflecting: (1) the sale to residents of Washington of Defendant's physical books or Kindle version from Amazon.com and all other online sites; (2) the sale of Defendant's books from brick-and-mortar stores located in Washington; and (3) Defendant's "publishing agreement" with Amazon.

(2) Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 12) and request for judicial notice (Dkt. No. 32) are STRICKEN, with leave to refile after the completion of jurisdictional discovery, if appropriate.

Dated this 14th day of January 2026.

Tana Lin
United States District Judge